## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEREK L. SIMMS | : |
| Petitioner | : |
| v | :      Civil Action No. WMN-06-2803 |
| WARDEN | : |
| Respondent | : |

o0o

## **MEMORANDUM**

On February 22, 2007, this court issued an Order granting Petitioner an additional thirty days to reply to Respondent's assertion that the petition for writ of habeas corpus is time-barred. Paper No. 8. The Order the court explained the consequences of failing to address the timeliness issue. *Id*. Petitioner has not filed a substantive response; rather he seeks to have this case "put on hold" while he attempts to hire an attorney. Paper No. 9. Upon review of the papers filed, the court finds a hearing in this matter to be unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition will be dismissed as untimely.

Background

On July 8, 1997, Petitioner entered an *Alford* plea[1] to charges of second degree rape in the Circuit Court for Dorchester County, Maryland. Paper No. 1. He was sentenced to serve 20 years, 10 years of which were suspended, with five years supervised probation upon release. Paper No. 8 at Ex. 2, p. 2. Petitioner did not seek leave to appeal his guilty plea, and accordingly,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (consent to imposition of sentence may be voluntary despite unwillingness to admit participation in criminal conduct).

his conviction became final on August 7, 1997, the date the 30 day period for filing for leave to appeal expired.  Petitioner filed for a petition for post-conviction relief on August 27, 2002, the merits of which were considered at a hearing on November 7, 2002, in the Circuit Court for Dorchester County.  *Id*. at Ex. 1.  On December 18, 2002, the court entered an order granting Petitioner 162 days of pre-trial credit and a recommendation for transfer to Patuxent Institution for placement in a sex offenders' program.  Paper No. 7 at Ex. 3.  No appeal was filed with respect to the post-conviction court's decision.

On February 18, 2003, Petitioner filed a motion to re-open post-conviction proceedings which was denied on March 7, 2003.  Petitioner filed a motion for modification of sentence on July 31, 2003, which was denied on August 8, 2003.  A motion for a writ of error coram nobis was filed on September 10, 2003, and subsequently denied on December 4, 2003.  Petitioner appealed that ruling to the Court of Special Appeals, but the appeal was dismissed on August 18, 2004.  Petitioner also filed a motion to have his name withheld from the State Sex Offender Registry, but the motion was denied at a hearing held on October 7, 2004.  On November 21, 2005, Petitioner was charged with violation of probation.  When the instant petition was filed, the hearing for the charge was still pending.

In his petition, Petitioner asserts that his sentence is illegal because a probation condition was added years after he was arrested.  Paper No. 1 at p. 5.  Petitioner claims that the requirement that he must register as a sex offender was not something he agreed to and had he known it would be required, he would have entered a plea of not guilty and availed himself of a jury trial. *Id*.

Standard of Review

There is a one-year period of limitation imposed on prisoners seeking to file a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This one year period is, however, tolled while properly filed post-conviction proceedings are pending.  *See* 28 U.S.C. §2244(d)(2).; *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).

The one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'".  *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

## Analysis

The instant petition has been filed beyond the one-year limitation period and Petitioner does not claim that any of the exceptions noted in § 2244(d)(1) apply to his case. Petitioner's conviction was final on August 7, 1997.[2]  The filing deadline for federal habeas relief was August

---

[2] To the extent that Petitioner's allegations may be construed to include a claim that could only be raised upon revocation of probation, the claim was raised prematurely.  When filing a federal habeas

7, 1998; no appeals or post-conviction proceedings were filed during that one-year period to toll the statute of limitation. Petitioner has not alleged entitlement to equitable tolling despite the opportunity to do so. Accordingly, the Petition is time-barred and must be dismissed.

                                                                                             /s/

  4/18/07                                                         _____
Date                                                             William M. Nickerson
                                                                       Senior United States District Judge

---

corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).